Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00595-CV

**BEXAR APPRAISAL DISTRICT**,
Appellant

v.

**OMNI LA MANSION CORPORATION** and Omni Hotels Corporation,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-14634
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:   December 23, 2008

AFFIRMED

        This appeal arises from a lawsuit in which Omni La Mansion Corporation sought review of

the Bexar Appraisal District's ad valorem tax valuation of property it owned.  The District appeals

the trial court's order denying its plea to the jurisdiction and its motion to strike Omni La Mansion

Corporation's third amended petition.  We affirm the order of the trial court.

## FACTUAL BACKGROUND

Omni La Mansion Corporation filed a suit against Bexar Appraisal District challenging the District's ad valorem tax valuation of property it owned. Omni La Mansion Corporation subsequently filed a second amended petition that substituted Omni Hotels Corporation as the plaintiff. The District then filed a plea to the jurisdiction asserting that Omni Hotels Corporation lacked standing because there was no evidence that it owned the property in question or had exhausted its administrative remedies prior to filing the suit. Prior to the hearing on the plea to the jurisdiction, Omni La Mansion Corporation filed a third amended petition re-substituting itself as the plaintiff. At the hearing, the District moved to strike the third amended pleading. The trial court denied both the District's plea to the jurisdiction and the motion to strike.

## STANDARD OF REVIEW

Standing is a prerequisite to subject matter jurisdiction, and a trial court must have subject matter jurisdiction to decide a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553-54 (Tex. 2001). Subject matter jurisdiction may be challenged by a plea to the jurisdiction. *Id.* A trial court determines a plea to the jurisdiction by reviewing the pleadings in the plaintiff's favor and examining the pleader's intent. *Id.; Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Miranda*, 133 S.W.3d at 226-27. On the other hand, "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an

opportunity to amend." *Id.* at 227. We review a trial court's ruling on a plea to the jurisdiction de novo. *See id.* at 226.

## DISCUSSION

In its first issue, the District argues that the trial court lacked subject matter jurisdiction because the second amended petition named Omni Hotels Corporation as the only plaintiff, but Omni Hotels Corporation lacked standing since it did not own the property at issue and failed to exhaust its administrative remedies.

In order to sue or obtain relief from an appraisal review board's decision, the Texas Tax Code requires the plaintiff to be the owner of the property in dispute, a properly designated agent of the owner, or the lessee of the property under certain circumstances. TEX. TAX CODE ANN. §§ 1.111, 41.413(b), § 42.01, § 42.21(b) (Vernon 2008). "A person or entity who does not meet one of these criteria, but nonetheless seeks judicial review of an appraisal-review board determination, has neither a 'legal right' to enforce, nor any 'real controversy' at issue, and therefore, no standing under the Code." *Koll Bren Fund VI, LP v. Harris County Appraisal Dist.*, No. 01-07-00321-CV, 2008 WL 525799, at *3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied).

Although a party has only forty-five days to file a petition for review challenging an appraisal review board's decision, section 42.21(e) of the Code allows a party to subsequently amend a petition to correct or change the name of a party after the forty-five day deadline. TEX. TAX CODE ANN. § 42.21(a), (e) (Vernon 2008). Section 42.21(e) provides:

> A petition that is timely filed under Subsection (a) or amended under Subsection (c) may be subsequently amended to (1) correct or change the name of a party; or (2) not later than the 120th day before the date of trial, identify or describe the property originally involved in the appeal.

TEX. TAX CODE ANN. § 42.21(e) (Vernon 2008).

In this case, the property owner, Omni La Mansion Corporation, timely filed its petition for review under section 42.21(a). Although the second amended petition created a jurisdictional defect by changing the plaintiff's name to Omni Hotels Corporation, the defect was cured by the third amended petition which was permitted under section 42.21(e). *See* TEX. TAX CODE ANN. § 42.21(e) (Vernon 2008); *Hamilton County Appraisal Dist. v. Stuard*, No. 10-02-00329-CV, 2004 WL 1574587, at *2 (Tex. App.—Waco July 7, 2004, no pet.) (discussing the legislature's intent in enacting subsection (e) to dispense with harsh dismissals required prior to the amendment); *see also Miranda*, 133 S.W.3d at 226-27 (giving plaintiffs opportunity to amend curable defects in jurisdiction).

The District relies on *Koll Bren* to support its argument that the second amended petition deprived the trial court of jurisdiction. In *Koll Bren*, the Houston Court of Appeals affirmed the dismissal of an ad valorem tax valuation case for lack of jurisdiction despite the plaintiff's attempt to use section 42.21(e) to change the plaintiff's name to a proper party with standing. *Koll Bren*, 2008 WL 525799, at *1. Unlike the instant case, however, the trial court in *Koll Bren* never initially acquired subject matter jurisdiction because the original plaintiff, who was not the current owner of the property, lacked standing. *Id*. at *3-4. In this case, Omni La Mansion Corporation's timely filing of a petition for review conferred jurisdiction on the trial court since Omni La Mansion Corporation owned the property and had exhausted its administrative remedies.[1] *See* TEX. TAX CODE ANN. §§ 42.01, 42.21(b) (Vernon 2008).

---

[1] The record reflects it is undisputed that Omni La Mansion Corporation did exhaust its administrative remedies, whereas Omni Hotels Corporation did not exhaust its administrative remedies.

In its second issue, the District argues the trial court erred in denying the District's motion to strike because the trial court was without jurisdiction to grant leave to amend the petition. We disagree. When the pleadings affirmatively demonstrate curable defects in jurisdiction, then a plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27. Here, the second amended petition contained a curable jurisdictional defect, which was corrected by changing the plaintiff's name from Omni Hotels Corporation to Omni La Mansion Corporation in the third amended petition. *See* TEX. TAX CODE ANN. § 42.21(e) (Vernon 2008). Accordingly, we conclude the trial court properly afforded Omni La Mansion Corporation the opportunity to cure its jurisdictional defect, and as a result, the District's second appellate issue is overruled. *See Miranda*, 133 S.W.3d at 226-27.

## CONCLUSION

Because the trial court did not err in denying the District's plea to the jurisdiction or motion to strike, we affirm the order of the trial court.

Rebecca Simmons, Justice